Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marvin Ray Shelley, <br><br> Plaintiff, <br> v. <br><br> Leisure Hotel Group, LLC, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **Jury Trial Demanded** |

Plaintiff Marvin Ray Shelley ("Plaintiff") alleges the following:

### INTRODUCTION

Plaintiff brings this action against Defendant Leisure Hotel Group, LLC ("Leisure Hotel Group") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Clarion Hotel Concord / Walnut Creek located at 1050 Burnett Avenue in Concord, California ("Clarion Hotel").

### PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Leisure Hotel Group is a California limited liability company with its principal address in Concord, California. At all times relevant to this complaint, Leisure Hotel Group owned, managed, operated, and/or was otherwise responsible for Clarion Hotel.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331

1  and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42
2  U.S.C. §§ 12101, et seq.

3      4.    Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

6      5.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Clarion Hotel is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6.    Plaintiff is disabled.

7.    Plaintiff suffers from a psychiatric mental disorder as well as a kidney related disorder.

8.    Plaintiff utilizes a service dog.

9.    Plaintiff's service dog was professionally trained to assist Plaintiff.

10.    Plaintiff's service dog is specifically trained to detect the signs of Plaintiff's psychiatric mental disorder; provide grounding techniques; and counterbalance. These tasks help Plaintiff manage his symptoms and feel more comfortable and safer in public settings. By providing support and assistance, Plaintiff's service dog greatly improves his quality of life and gives him far more independence than he would have alone.

11.    Plaintiff lives in Walnut Creek, not far from the Clarion Hotel.

12.    Plaintiff booked a one-night stay at the Clarion Hotel.

13.    Plaintiff needed to stay at the hotel because his residence was undergoing work that required Plaintiff to vacate his residence.

14.    On April 8, 2023, Plaintiff checked into the hotel.

15.    As is customary, Plaintiff brought his service along with him.

16.    The front desk attendant asked about Plaintiff's service dog and even asked Plaintiff about his medical condition.

17.    While Plaintiff is not required by law to divulge the nature of his disability to a business, Plaintiff nonetheless answered the employee's questions.

//

18. Plaintiff only anticipated staying at the hotel one night when he booked his room, but because of delays with the construction at his residence, Plaintiff asked the front desk to extend his stay the next day by an additional night. That's when the real trouble began.

19. On April 9, 2023, Leisure Hotel Group's manager refused to extend Plaintiff's stay by an additional night solely because of the presence of Plaintiff's service dog.

20. Initially, the manager accused Plaintiff of harboring a "pet" in the hotel.

21. Plaintiff did his best to educate the combative manager, and specifically told the manager that his dog was actually a trained, working service dog.

22. Leisure Hotel Group's manager would not listen to Plaintiff and tried to tell Plaintiff that his disabilities were not serious enough to warrant the services of a trained service dog. The manager did not identify herself as a medical professional nor did she profess to have any specific information about the nature of Plaintiff's disabilities.

23. The manager told Plaintiff in very certain terms that she was denying Plaintiff the ability to stay any longer in the hotel. Toe make matters worse, she also told Plaintiff that he had to immediately vacate his hotel room.

24. Faced with this astonishing level of direct discrimination, Plaintiff had no choice but to pack up his things and leave the hotel. Plaintiff had to find alternative lodging that night because of Leisure Hotel Group's discriminatory refusal to extend his stay.

25. Plaintiff would like to return to the Clarion Hotel when they institute an anti-discrimination policy at the hotel. The hotel is conveniently located near Plaintiff and provides him with a great option for short-term lodging.

26. It is especially important for a hotel to allow a patron to bring their service animal that may be trained to detect signs of their psychiatric mental disorder, provide grounding techniques, and counterbalance. Denying access to the service animal could have serious consequences for a patron's health and wellbeing, as well as their ability to fully participate in the hotel's services and amenities. It is crucial for all hotels and other public places to recognize the importance of service animals for individuals with disabilities and to make necessary accommodations to ensure equal access for all.

//

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

27. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

28. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

29. The Clarion Hotel is a public accommodation.

30. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

31. Leisure Hotel Group has a policy that restricts and denies access to persons like Plaintiff.

32. Leisure Hotel Group's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

33. As a result of Leisure Hotel Group's conduct, denying Plaintiff equal access to the Clarion Hotel, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Clarion Hotel.

34. It is readily achievable for Leisure Hotel Group to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Clarion Hotel.

35. Leisure Hotel Group does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

36. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that

Plaintiff may use the property and premises, visit, or attempt to patronize the Clarion Hotel, in light of Leisure Hotel Group's conduct.

37. Leisure Hotel Group's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

38. Plaintiff seeks injunctive relief as to Leisure Hotel Group's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

39. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

40. Leisure Hotel Group intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Clarion Hotel.

41. Clarion Hotel is a business establishment.

42. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

43. Leisure Hotel Group's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

44. Plaintiff was harmed.

45. Leisure Hotel Group's conduct was a substantial factor in causing Plaintiff's harm.

46. Leisure Hotel Group's conduct violated the ADA.

47. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including

a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

48. Plaintiff also seeks to enjoin Leisure Hotel Group from violating disabled persons' rights.

**PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Leisure Hotel Group from engaging in unlawful discrimination against disabled persons with service animals when visiting the Clarion Hotel, including, specifically, enjoining its policy of denying access to persons with service animals access to the Clarion Hotel without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Leisure Hotel Group to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: April 25, 2023

Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff